UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANCISCO FELIPE MARCELO,

    Plaintiff,

v.                                                  Case No. 8:24-cv-757-TPB-NHA

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER DISMISSING CASE

This matter is before the Court on Plaintiff Francisco Felipe Marcelo's *pro se* motions to appoint counsel, filed on March 26, 2024, and March 28, 2024.  (Docs. 1; 2).  After reviewing the motions, court file, and the record, the Court finds as follows:

Plaintiff Francisco Felipe Marcelo has attempted to file suit against the United States of America.  He did not file a complaint.  In his motions, Plaintiff requests the appointment of counsel to address an immigration detainer lodged against him.  (Docs. 1; 2).  The filings do not include any factual allegations or causes of action, but the litigation appears to stem from the placement of an ICE detainer on Plaintiff, who is currently incarcerated in Pinellas County jail on state law charges.[1]

The Immigration and Nationality Act deprives this Court of subject-matter jurisdiction to hear any challenges to the detainer or removal proceedings.  The statute specifically provides,

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have

---

[1] A review of the Pinellas County jail website reflects that Plaintiff was arrested for child abuse (two charges), driving under the influence ("DUI"), DUI manslaughter, and driving while license suspended or revoked.

> jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g).  The Eleventh Circuit has held that "[s]ecuring an alien while awaiting [his removal hearing] constitutes an action taken to commence proceedings."  *Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013); *see Johnson v. Acting United States Attorney General*, 847 F. App'x 801, 802 (11th Cir. 2021) (affirming that district court lacked jurisdiction over constitutional challenge to ICE detainers, notice to appear, detention order, and removal order).  Because a detainer has been lodged to secure Plaintiff while awaiting a removal determination, the Court is without jurisdiction.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1) This case is hereby **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

2) The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 2nd day of April, 2024.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**